```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **RONALD PETTIS,** | : | |
| Plaintiff | : | CIVIL NO. 1:15-CV-02444 |
| vs. | : | |
| **DAUPHIN COUNTY PROBATION,** | : | (Judge Rambo) |
| Defendant | : | |

## MEMORANDUM

## Background

On December 21, 2015, Plaintiff Ronald Pettis, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 against the Dauphin County Probation Department. (Doc. 1.) Pettis claims that he was detained on August 13, 2014, by the Probation Department and placed in the "county prison for violation of probation" on a conviction where his maximum sentence had already expired. (Id.)  Along with the complaint, Pettis filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 and an authorization to have funds

deducted from his prison trust fund account to pay the filing fee in installments. (Docs. 2, 3.)

The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915, <u>e.g.</u>, the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[1] For the reasons outlined below, Pettis's motion for leave to proceed <u>in forma pauperis</u> will be construed as a motion to proceed without full prepayment of the filing fee and granted, and Pettis's complaint will be dismissed with leave to submit an amended complaint.

---

1. Section 1915(e)(2) provides:
   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements:  1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 580-581 (2003);  <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  Although individual county probation officers may be subject to suit under § 1983, a Probation Department is not an person subject to suit under § 1983. <u>Haybarger v. Lawrence County Adult Probation and Parole</u>, 551 F.3d 193, 198 (3d Cir. 2008); <u>Hyde v. Northumberland County Probation Department</u>, 2013 WL 5924502, at *5 (M.D. Pa. Oct. 31, 2013) ("Hyde's claim against the Northumberland County Probation Department is barred by the Eleventh Amendment because the Northumberland County Probation Department is a part of the Commonwealth's Unified Judicial System.")(Brann,

J.); Sarnoski v. Lackawanna Probation Department, 2012 WL 2192439, at *3 (M.D.Pa. June 14, 2012)(same).

 Although the complaint as filed fails to state a cause of action against Dauphin County Probation Department, it is possible that the deficiencies may be remedied by filing an amended naming the individual Probation Officers involved in the alleged wrongful conduct.  Consequently, Pettis will be granted such an opportunity. Pettis is advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants. If Pettis fails to file an

amended complaint adhering to the standards set forth above, this case will be closed.

An appropriate order will be entered.


                      <ins>s/Sylvia H. Rambo</ins>
                      SYLVIA H. RAMBO
                      United States District Judge

Dated: April 26, 2016