# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PETTIS,

    Plaintiff

vs.

DAUPHIN COUNTY
PROBATION OFFICER
JASON SNYDER, et al.,

    Defendants

No. 1:15-CV-02444

(Judge Rambo)

## **MEMORANDUM**

Presently before the Court for disposition is Defendants' motion to dismiss Plaintiff's complaint. (Doc. No. 26.) Both parties have filed supporting and oppositional briefs. (Doc. Nos. 30, 33, 35, 36). This matter is now ripe for disposition. For the reasons set forth below, Defendants' motion will be granted.

## I. Background

On December 21, 2015, Plaintiff Ronald Pettis, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 against the Dauphin County Probation Department. (Doc. 1.) Pettis claimed that he was detained on August 13, 2014, by the Probation Department and placed in the "county prison for violation of probation" on a conviction where his maximum sentence had already expired. (Id.) Pettis did not name the individual Probation Officers. (Id.)

1

The court screened the complaint pursuant to the Prison Litigation Reform Act, granted Pettis leave to proceed without full prepayment of the filing fee and dismissed the complaint as it related to the Dauphin County Probation Department with leave to file an amended complaint naming the Probation Officers. On May 5, 2016, Pettis filed an amended complaint naming two probation officers, Jason Snyder and Sue Mason. (Doc. 9.) However, Pettis also named two judges of the Court of Common Pleas of Dauphin County, Judge Richard A. Lewis and President Judge Todd A. Hoover. <u>Id.</u> Pettis claims that Judge Lewis imposed an illegal sentence and that President Judge Hoover presided over the revocation proceeding which resulted in his incarceration on the conviction where his maximum sentence had expired. (<u>Id.</u>) Plaintiff seeks damages for false imprisonment and repayment of the costs paid by him after his sentence "max[ed]-out." (<u>Id.</u>) Upon screening of the amended complaint, the Court permitted the claims against the two probation officers to go forward and dismissed the claims against President Judge Lewis and Judge Hoover as legally frivolous. (Doc. No. 12.)

**II.     Standard of Review**

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.

2

See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an

entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

## III. Discussion

In their motion to dismiss, Defendants argue that Heck v. Humphrey, 512 U.S. 477 (1994) bars Plaintiff's current § 1983 suit. (Doc. No. 30.) Defendants contend that success on Plaintiff's § 1983 claim would necessarily call into question the validity of the county court judge's sentencing order, and that order has never been reversed on direct appeal, expunged, or declared invalid. (Doc. No. 30, at 5.) Alternatively, Defendants argue that they enjoy immunity from Plaintiff's § 1983 claim.

> The Supreme Court has stated that:
>
>> hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.
>>
>> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87.

The Supreme Court clarified the favorable termination rule in <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005), where it expressly stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis in original). Thus, it is well established that an individual alleging an unlawful conviction or term of imprisonment must receive a favorable termination of his criminal conviction or sentence before proceeding with a § 1983 claim, even if habeas relief is no longer available. See <u>Williams v. Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (providing that a § 1983 remedy is not available to a litigant to whom habeas relief is no longer available); <u>Gilles v. Davis</u>, 427 F.3d 197, 210 (3d Cir. 2005) (same); <u>Broncowicz v. Allegheny Cnty.</u>, 804 F.3d 338, 349 n.12 (3d Cir. 2015) (providing that a plaintiff who had no recourse under the habeas statute was nevertheless subject to <u>Heck's</u> favorable termination rule).

The Court finds that Plaintiff's claim for damages for an allegedly illegal sentence is barred by <u>Heck</u>'s favorable-termination rule. Plaintiff has not proven that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such a

determination, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff's state court records indicate that he pled guilty to five counts of tampering with public records/information and one count of false identification to a law enforcement officer.[1] Nothing in Plaintiff's allegations or the public records of his criminal charges and case shows a favorable disposition such as to subject Defendants to monetary damages. A claim for damages bearing a relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Heck, 512 U.S. at 486-487. Because Plaintiff's very claim depends on proving that the sentencing order was invalid, the Court concludes that this claim, if successful, would necessarily demonstrate the invalidity of the county court judge's sentencing order. No such finding has been made here and Plaintiff's complaint must be dismissed under this well-established precedent. See Bronowicz, 804 F.3d at 348 (finding district court properly dismissed part of Plaintiff's § 1983 claim where if successful, would impugn the validity of Plaintiff's revocation proceedings, and Plaintiff did not demonstrate that those proceedings were terminated in his favor); Gathers v. Ozmint, No. CIVA 9:09-1295, 2010 WL 1542184, at *2 (D.S.C. Mar. 12, 2010), report and

---

[1] See Comm of Pa. v. Pettis, CP-22-CR-3799-2007. The Court has obtained a copy of Plaintiff's docket sheet in his underlying criminal matter by accessing http://ujsporta.pacourts.us. This Court takes judicial notice of Petitioner's criminal docket sheet since it is a public state court record.

7

recommendation adopted, No. C.A. 9:09-1295, 2010 WL 1542350 (D.S.C. Apr. 15, 2010), aff'd, 397 F. App'x 848 (4th Cir. 2010).[2]

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted. An appropriate order follows.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: August 25, 2017

---

[2] Given the resolution of Defendants' arguments regarding Plaintiffs § 1983 claims under Heck, the Court need not address the merits of whether Defendants would have enjoyed immunity from suit.